**In re WAITES COMPANY, INC., Debtor.**

**William L. LANCASTER, III, Trustee, Plaintiff,**

v.

**Bobby G. WAITES, Defendant.**

**Bankruptcy No. 3–81–01857.**
**Adv. No. 3–82–0200.**

United States Bankruptcy Court, E. D. Tennessee.

May 21, 1982.

William S. Nunnally, Greeneville, Tenn., for plaintiff.

W. Clyde Russell, Greeneville, Tenn., for defendant.

## MEMORANDUM

CLIVE W. BARE, Bankruptcy Judge.

The trustee seeks judgment against the defendant for conversion of funds belonging to the estate, the avoidance of transfers of corporate assets to an insider, and the turnover of a vehicle. Trial was held May 5–6, 1982.

## FINDINGS OF FACT

On December 14, 1981, the debtor, Waites Company, Inc., a Tennessee corporation, filed a petition seeking relief under Chapter 7 of Title 11 of the United States Code. At all relevant times herein Bobby G. Waites was the president and person in control of the corporation. In addition, on May 18, 1981, he owned seventy-five percent of the outstanding shares issued by the corporation.

On May 18, 1981, Waites Company, Inc., transferred a 1978 Ford Pickup, VIN No. F375CBB0145, and a 1976 Ford Pickup, VIN No. GNA77330, to third party purchasers. The purchasers paid the sum of $7,100.00 in cash for the vehicles, which were unencumbered. Bobby G. Waites accepted on behalf of the corporation the sums of purchase and, of those sums, applied $3,671.21 to discharge a corporate indebtedness owing to the First Tennessee Bank, which indebtedness was secured by a third corporate vehicle, a 1979 Ford Ranchero, VIN No. 9H48H136416. Bobby G.

Waites further applied $714.00 of the sales proceeds to discharge other obligations of Waites Company, Inc., but converted the balance of the sales proceeds of $2,714.79 either to his own personal use or was unable to account for the proceeds. None of the sale proceeds were deposited to corporate accounts or appeared in any form on the books and records of the corporation. Bobby G. Waites thereupon obtained the transfer of title of the 1979 Ford Ranchero from Waites Company, Inc. to himself individually, the transfer also occurring on May 18, 1981.

On May 18, 1981, Waites Company, Inc. was indebted to Bobby G. Waites in an amount not less than $2,308.38. Waites' retention of this sum from the proceeds of the sale of the vehicles, however, constitutes an impermissible preference under the Bankruptcy Code. A debt to Waites existed on May 18, 1981. The retention of the funds by him constituted a payment on this antecedent debt. The Waites Company, Inc. was insolvent on May 18, 1981, which date was between ninety days and one year before the date of the filing of the petition in bankruptcy by the corporation.

Bobby G. Waites, an "insider", 11 U.S.C. § 101(25), as chief executive officer and the person in control of the corporation, had reasonable cause to believe that the debtor corporation was insolvent at the time of the transfer.

On or about December 30, 1981, Bobby G. Waites solicited and obtained from Larry Dotson, the sum of $24.00 which sum was owing to the corporation prior to the filing of the Chapter 7 petition in bankruptcy on December 14, 1981. On or about January 30, 1982, Bobby G. Waites solicited and obtained from Judy McLain, the sum of $25.00 which sum was owing to the corporation prior to the filing of the Chapter 7 petition in bankruptcy.

## CONCLUSIONS OF LAW

The receipt of $2,714.79 of corporate funds and the title to the unencumbered 1979 Ford Ranchero by Bobby G. Waites was a transfer for or on account of an antecedent debt owed to Waites as a credi-

tor of the corporation, and, to the extent indicated, a transfer which enabled Waites to receive more than he would receive if the case were a case under Chapter 7 of Title 11 of the United States Code; the transfer had not been made; and Waites received payment of such debt to the extent provided by Title 11. The transfer was made while the corporation was insolvent and Waites had reasonable cause to believe that the corporation was insolvent. Accordingly, the transfers of money and title may be set aside under 11 U.S.C. § 547(b) as a voidable preference to an insider and 11 U.S.C. § 548(a) as fraudulent conveyances. Accordingly, the trustee is entitled to recover possession of the 1979 Ford Ranchero and to a money judgment in the amount of $2,714.19.

The act of Bobby G. Waites individually contacting debtors of the bankrupt corporation after the filing date of December 14, 1981, and his act of collecting sums owing by the debtors to the corporation in the amount of $49.00, were post-petition conversions of corporate assets which the trustee may recover.

This Memorandum constitutes findings of fact and conclusions of law, Bankruptcy Rule 752.